IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS BART SEEDEE,  A#29 728 196    *
                Petitioner,
      v.                                      *    CIVIL ACTION NO. WDQ-05-1266

CALVIN MCCORMICK, et al.         *
                Respondents.
                                      ******

**MEMORANDUM**

Introduction

This counseled 28 U.S.C. § 2241 Petition for writ of habeas corpus was received for filing on May 9, 2005, and seeks to vacate an order of removal entered against Petitioner on due process grounds. The sole question before this Court is whether the order of removal, entered in absentia, constitutes a "manifest injustice" and a violation of Petitioner's due process rights.

The Court has examined the Petition and attached exhibits. For reasons to follow, the Petition shall be summarily denied.

Procedural History

Petitioner claims that he is a native and citizen of Liberia who arrived in the United States on April 30, 1998, as a non-immigrant. In 2002, he applied for asylum and withholding of removal and his case was referred to the Immigration Court in Baltimore, Maryland. A Master Calendar Hearing was scheduled for March 19, 2003. Petitioner attended without counsel. The Immigration Judge rescheduled the hearing for April 23, 2003, to allow Petitioner to seek legal counsel.

Petitioner asserts that on April 23, 2003, he arrived at the George H. Fallon Building for the hearing at 9:15 a.m., and encountered a very long security line leading into the building.   Petitioner asserts that he did not get through security until about 10:15 a.m., whereupon he rushed to the fourth floor and went into the designated courtroom.  He claims that he identified himself to the clerk and that he was informed that the Immigration Judge had already entered an order of removal in absentia.  Petitioner asserts that the clerk provided him a copy of the order of removal and informed him of the procedures for re-opening his case with the Immigration Judge.

Petitioner states that with the assistance of counsel he unsuccessfully sought to reopen his case in the Immigration Court and Board of Immigration Appeals ("BIA").   He claims that counsel informed him that the BIA was the last option.  Petitioner alleges that on December 24, 2004, he retained his current counsel after he was briefly detained by the Bureau of Immigration and Customs Enforcement ("ICE"). Counsel filed a motion to reissue its earlier decision with the BIA to allow Petitioner to file a timely petition for review before the United States Court of Appeals.  On April 22, 2004, the BIA denied Petitioner's motion.  Petitioner subsequently filed the instant Petition.

Analysis

Petitioner has raised a Fifth Amendment challenge to his order of removal, claiming that the entry of the order in absentia constitutes a "manifest injustice" and a due process violation in light of the special

circumstances of the morning of April 23, 2003.[1]  While the Court is sympathetic to Petitioner's situation, it nonetheless finds no basis on which to grant habeas relief.

Petitioner's April 23, 2003 Master Calendar Hearing was scheduled for 10:00 a.m.  Petitioner claims that he arrived at the Fallon Building at approximately 9:15 a.m., but could not enter the building until after 10:00 a.m.[2] because more than 100 people were lined up outside the building due to a security checkpoint.

In denying Petitioner's motion to reopen on June 16, 2003, Immigration Judge Bruce Barrett made the following observations in his order:

> The respondent acknowledges receiving the notice of hearing.  The respondent was previously before the Court on March 19, 2003, and received a continuance to obtain counsel.
>
> The respondent has failed to show exceptional circumstances for non-appearance.  The respondent's case was reset along with seven other cases on the Master Calendar for the day in question.  The Court takes judicial notice that all of the other cases appeared on time and were dealt with in person.  The respondent's case was the last one heard on the Master Calendar.  The Court, per the worksheet, started the 10:00 a.m. case at 10:31 a.m.  The case was then decided and the Master Calendar cases were concluded.  It does not seem plausible that if there was a significant problem in getting to the Court that the respondent's case would be the only one affected.  The Court, therefore, puts little weight in the statement of the respondent.
>
> The motion to reopen is denied.

---

[1]  Under existing Supreme Court law, federal district courts retain 28 U.S.C. § 2241 habeas corpus jurisdiction over constitutional issues and questions of pure law.  *See INS v. St. Cyr*, 533 U.S. 289, 307-14 (2001).  With the enactment of the Real I.D. Act of 2005 on May 11, 2005, however, there is some question as to whether a petition seeking judicial review of final orders of removal in such circumstances is to be filed and heard in the district courts.  There is no caselaw on this issue.

[2]  According to information presented in a legal brief to his motion to reopen, Petitioner claimed that he cleared security at 10:28 a.m.  Paper No. 1, Ex. P-1.

Paper No. 1 at Ex. P-2.

Petitioner was provided sufficient notice of the date and time for the April, 2003 Master Calendar Hearing. There is no allegation that the Immigration Judge failed to follow correct legal standards in issuing his decision. Petitioner was provided a forum and meaningful opportunity to be heard. He alleges that he was held up in a building security check point for over one hour, resulting in his missing the Immigration Court Master Calendar hearing and in the entry of an order of removal in his absence. If true, Petitioner's situation is most unfortunate. The actions of the Immigration Court do not, however, in the undersigned's opinion constitute a colorable due process violation.

## Conclusion

For the aforementioned reasons, the Petition is hereby denied and dismissed. A separate Order follows.

Date: May 23, 2005                           /s/
                                    William D. Quarles, Jr.
                                    United States District Judge